# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00710-ODW (SK) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Robert G. Saenz v. R. Madden | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On January 30, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 sentence and restitution fine for burglary, receiving stolen property, and taking a vehicle without consent. (Pet., ECF 1 at 2, 5). Petitioner was sentenced to state prison for 76 years to life under California's Three Strikes Law and fined $10,000 in restitution. (*Id.* at 2, 9). In 2012, California enacted Proposition 36, which modified the Three Strikes Law and "created a postconviction release proceeding" for prisoners convicted of non-violent or non-serious third strike offenses to seek resentencing. *Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018). But relief under Proposition 36 is not mandatory and may be denied in the discretion of the California state court if "the court determines that resentencing would pose an unreasonable risk of danger to public safety." *Id.* When Petitioner filed a petition for resentencing in 2013, his petition was denied in 2015 because the trial court found that he posed such a risk. (Pet. at 6). Petitioner now alleges that court-appointed counsel for his 2015 resentencing hearing was ineffective for not obtaining a medical examination to show that Petitioner would not be a danger to the public and for not challenging his restitution fine as disproportionate to his crimes. (*Id.* at 2, 5).

A Petition must be dismissed if it "plainly appears" from that Petitioner "is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition). Here, Petitioner's ineffective assistance of counsel claim is facially untimely. As relevant here, the one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner should have known of the predicate facts underlying his counsel's alleged ineffectiveness as soon as 2013, when he filed a petition for resentencing under Proposition 36, and certainly by no later than 2015, when the petition was denied. Yet Petitioner did not file this federal habeas petition until January 2019. Petitioner presents no evidence of statutory or equitable tolling between 2015 and 2019 that could make his Petition timely filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00710-ODW (SK) | Date | February 21, 2019 |
|---|---|---|---|
| Title | Robert G. Saenz v. R. Madden | | |

    THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **March 22, 2019** why the Court should not dismiss this action for untimeliness. **If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.